NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 26 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NICHOLAS PATRICK,

          Plaintiff-Appellant,

  v.

PETROFF; et al.,

          Defendants-Appellees.

No. 17-16428

D.C. No. 1:16-cv-00945-AWI-MJS

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted December 18, 2017[**]

Before:     WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

    Nicholas Patrick, a California state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional

violations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a

dismissal under 28 U.S.C § 1915(e)(2)(B)(ii). *Barren v. Harrington*, 152 F.3d

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1193, 1194 (9th Cir. 1998) (order). We affirm.

The district court properly dismissed Patrick's action because Patrick failed to allege facts sufficient to state any plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are liberally construed, a plaintiff must allege facts sufficient to state a plausible claim); *Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994) (setting forth elements of a failure-to-protect claim); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (setting forth elements of a medical deliberate indifference claim); *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth elements of a retaliation claim in the prison context); *Serrano v. Francis*, 345 F.3d 1071, 1081-82 (9th Cir. 2003) (setting forth elements of an equal protection claim); *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (describing prisoners' First Amendment right to send and receive mail).

**AFFIRMED.**